# WHEELING.

WOODYARD *et als. v.* BUFFINGTON ADM'R.

Submitted June 26, 1883—Decided December 15, 1883.

To a suit, brought by one or more distributees of the estate of a decedent for a settlement of such estate and the recovery of their distributive share thereof, not only the administrator but also the widow and all the other distributees of such estate are necessary parties.

The facts of the case are stated in the opinion.

*Walter S. Sands* for appellant.

*F. T. Lockhart & C. T. Caldwell* for appellees.

SNYDER, JUDGE:

Suit in equity brought March 2, 1874, by L. D. Woodyard and Phebe R., his wife, against George W. Buffington, administrator of William Buffington, deceased, to compel a settlement of the administration account of the defendant and to recover from him the distributive share of the female plaintiff in the estate of her father, the said William Buffington, deceased.

It appears from the bill that said William Buffington died intestate, leaving a widow and thirteen children as the distributees of his estate. Only two of these are made parties by the bill, the female plaintiff and the administrator, George W. Buffington, the latter being made such only as administrator and not as a distributee. Two of the other children were made parties plaintiffs on their own petition; but neither the widow nor any of the other children were made

either formal or informal parties, and none of them appeared in the suit. The administrator had never made or filed, prior to the institution of this suit, any settlement of his accounts as administrator. No order was directed or published convening either the creditors or distributees of said estate. The court ordered an account and settlement of the administration of the defendant upon the estate of his intestate to be taken by a commissioner upon notice to the defendant alone. In response to this order the commissioner made and filed his report, to which there were no exceptions. On June 27, 1882, the court confirmed said report and decreed that the plaintiffs recover from the defendant one hundred and seventy-nine dollars and fifty cents, the amount found to be due them by the report of the commissioner, and the costs of the suit. It also decreed against the defendant a like sum in favor of each of the other distributees of said William Buffington, deceased, four of whom were not, in any manner, parties to the cause and never appeared therein. From this decree the defendant, who had appeared and answered the plaintiffs' bill, appealed to this Court.

It is an elementary principle, which requires no citation of authorities to support it, that no valid decree can be pronounced in favor of or against any person who has not appeared or been made either a formal or informal party to the cause. And it is equally well settled, that to a suit brought by one or more distributees or general legatees of the estate of a decedent for a settlement of such estate and the recovery by the plaintiff of his distributive share thereof, not only the administrator but also all the distributees or general legatees must be made parties before any decree can be made in such suit.

In this cause it appears that all the distributees were not made parties and for that error the decree of the circuit court must be reversed with costs to the appellants; and the cause is remanded to the said court with leave to the plaintiffs to amend their bill making thereto the proper parties and for further proceedings there to be had therein according to law and equity.

REVERSED.    REMANDED.