HENRY C. KENDALL *vs.* LYDIA C. CLAPP.

Suffolk. November 14, 1894. — February 26, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Devise of an Estate in Fee Simple — Statute.*

A devise by a testator to his wife of all his real property, " for her sole use and
comfort during her natural life, and to her heirs and assigns forever, " gives an
estate in fee simple; and the provisions of Pub. Sts. c. 126, § 4, do not apply.

CONTRACT, to recover money paid by the plaintiff to the
defendant under an agreement for the purchase and sale of
real estate, on the ground that the title thereto was defective.

The case was submitted to the Superior Court, and, after
judgment for the defendant, to this court on appeal, upon agreed
facts, which so far as material appear in the opinion.

*J. D. Colt*, for the plaintiff.

*P. B. Watson*, for the defendant.

BARKER, J. The plaintiff contends that the deed tendered
to him conveys less than the fee, because the provisions of Pub.
Sts. c. 126, § 4, apply to the devise under which the defendant
holds. That statute has no application when the language of a
devise shows that the intention of the testator was to give a fee.
*Weld* v. *Williams*, 13 Met. 486, 496. *Barton* v. *Bigelow*, 4 Gray,
353, 357. *Hayward* v. *Howe*, 12 Gray, 49. *Trumbull* v. *Trumbull*, 149 Mass. 200. For the statute to operate there must be
a creation of an estate for life, and then a devise or a grant
in remainder to the heirs of the life tenant. As we construe
the devise under which the defendant holds, it gives her the
fee, and does not create a life estate in her, nor a remainder
in her heirs.

The testator gives and devises to his wife by name all his real
property, " for her sole use and comfort during her natural life,
and to her heirs and assigns forever." The words " heirs and
assigns " are the usual technical words in a deed to signify a fee,
and, although unnecessary for that purpose in a will, are commonly used in wills with the same meaning. The use of the
word " assigns " implies that she has the power of disposal.

The absence before the words "to her heirs and assigns forever" of technical phrases, such as "after her death," or "in remainder," commonly employed to denote a devise or gift in remainder, and also the fact that the whole limitation is in an unbroken sentence, lead to the same result. We think the words "for her sole use and comfort during her natural life," as used by the testator, were not meant by him to cut down his devise, or to make an estate for life, but to emphasize his intention that she should have the sole and full benefit of the property given, which included personalty as well as realty. So far as circumstances stated in the agreed facts are competent for our consideration, they do not militate against the construction which we put upon the language of the testator's devise. The result is, that the deed tendered would, if accepted, have conveyed a fee to the plaintiff, and he has no right to recover the purchase money.          *Judgment for the defendant affirmed.*