HENRY H. GALLISON, administrator, *vs.* LENA QUINN & others.

Suffolk.    March 12, 1903. — April 2, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Devise and Legacy*, Construction.

A testator in the first clause of his will made his wife executrix, and after certain bequests gave to his "said executrix" all the rest and residue of his property, both real and personal, "for her sole use and benefit." *Held*, that the widow took the personal property absolutely and the real estate in fee.

BILL IN EQUITY, filed April 29, 1899, by the administrator with the will annexed of the estate of Asa P. Cleverly, for instructions.

The case came on to be heard before *Loring*, J., who at the request of the parties reserved it for determination by the full court, such decree to be entered as might seem just.    The first and fifth clauses of the will were as follows:

"First.    I hereby constitute and appoint my wife, Rebecca W. Cleverly, to be my sole executrix of this my last will, hereby requesting that my executrix may be exempted from giving a surety or sureties on her bond, and directing my said executrix to pay all my just debts and funeral expenses and the legacies hereinafter given out of my estate."

"Fifth.    I give and devise to my said executrix all the rest and residue of my property, both real and personal, which I may

now possess, or which I may possess at the time of my decease, for her sole use and benefit."

No counsel appeared for the plaintiff.

*W. B. Sullivan*, for Lena Quinn and others.

*P. H. Cooney*, for Henry H. Gallison, executor under the will of Rebecca W. Cleverly, was not called upon.

HAMMOND, J. This is a very simple case. In the first clause of the will the testator "appoints" his wife, Rebecca W. Cleverly, sole executrix, requests that she may be exempt from giving sureties upon her bond, and directs her to pay debts, funeral expenses and the legacies thereinafter named. In the three following clauses he makes certain specific bequests, and in the fifth clause he gives and devises to his "said executrix" all the rest and residue of his property, both real and personal, "for her sole use and benefit."

It seems too plain for discussion that the "said executrix" named in the fifth clause is the person "appointed" sole executrix in the first clause, and that the words "for her sole use and benefit" were not intended to cut down the legal effect of the preceding words, but were intended to emphasize his intention that she should have the full benefit of the property given, which included personal as well as real estate, and that the whole effect was to give the property absolutely and in fee to the devisee. Pub. Sts. c. 127, § 24. *Kendall* v. *Clapp*, 163 Mass. 69.

*So ordered.*