# CHARLESTON.

H. E. WIANT, *Adm'r.* v. J. R. LYNCH, *Adm'r.*

(No. 5947)

Submitted November 15, 1927.   Decided November 22, 1927.

1. EXECUTORS AND ADMINISTRATORS—*In Bill of Discovery by One Administrator Against Another, Distributees of Their Decedents Are Ordinarily Not Necessary Parties.*

   In a bill of discovery brought by one administrator against another, the distributees of their decedents are ordinarily not necessary parties. *Smith* v. *Smith's Adm'r.*, 92 Va. 696. (p. 512.)

   (Executors and Administrators, 23 C. J. § 410.)

2. WILLS—*Will Devising Life Estate to Testator's Wife Appointed Executrix Without Bond, and Expressing Wish That She Should Enjoy Sufficiency of Property Willed During Life to Make Her Contented and Happy, Held to Give Her Only Life Estate.*

   A will conferred on a wife a life estate in express terms. It appointed her executrix without bond; it expressed the utmost confidence in her judgment; it exonerated her from making a settlement and desired that she "fully enjoy a sufficiency of the property hereby willed to her so long as she may live to make her contented and happy". *Held:* the wife took only a life estate. (p. 508.)

   (Wills, 40 Cyc. pp. 1582, 1626.)
   104 W. Va.

3.   SAME—

> Points 1 and 2 in the syllabus of *Rau* v. *Krepps*, 101 W. Va.
> 344, on election by a beneficiary under a will, applied.   (p.
> 511.)
>
> (Wills, 40 Cyc. p. 1964.)
>
> ---
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
> part of syllabi.)

Appeal from Circuit Court, Gilmer County.

Suit by H. E. Wiant, administrator of E. H. Elliott, deceased, against J. R. Lynch, administrator of Sarah E. Elliott, deceased.   From an adverse decree, defendant appeals.

*Affirmed.*

*B. W. Craddock* and *R. F. Kidd,* for appellant.

*J. D. Jones* and *Haymond & Fox,* for appellee.

HATCHER, PRESIDENT:

This is a suit over the right to personal property between the respective administrators of E. H. Elliott and his wife Sarah E.   E. H. Elliott died testate; his wife intestate.   They had no children.   Neither the bill nor the answer ask for a construction of his will; but a determination of this litigation requires that it be construed.   After directing payment of his debts the will proceeds as follows:

> "SECOND.   I will and bequeath to my beloved
> wife, Sarah E. Elliott, all the residue of my estate,
> real, personal and mixed, for and during her natu-
> ral life, and at her death all that remains thereof
> is to go to my legal living heirs except that Bayard
> T. Price, my nephew, to whom I hereby bequeath
> the sum of One Dollar as and for his full share of
> my estate, and he shall share no further in the
> distribution thereof, except further that after the
> death of my wife, that in the distribution of the
> remainder of my property or estate left by her
> that the portion thereof that would legally go to
> Sarah Frances Elliott, the only heir of my brother,
> P. M. Elliott, deceased, shall not be paid to her
> until such time as she shall arrive at the age of
> 21 years.

"THIRD. I hereby appoint and constitute my said wife Sarah E. Elliott the Executrix of this my last will and testament and direct that she qualify as such without security of any kind, and I further direct that there be no appraisement of my estate or any public sale thereof, and having the utmost confidence in the judgment of my said wife I desire that she shall not be required to make any settlement, as it is my desire that my said wife is to fully enjoy a sufficiency of the property hereby willed to her so long as she may live to make her contented and happy."

The appellant contends that Mrs. Elliott was devised an absolute estate, relying on *Blake* v. *Blake,* 92 W. Va. 663; *National Surety Co.* v. *Jarrett,* 95 W. Va. 420, and kindred cases. The appellee contends that she received only a life estate. He relies on *Behrens* v. *Baumann,* 66 W. Va. 56; *Woodbridge* v. *Woodbridge,* 88 W. Va. 187, and allied decisions. The two lines of cases advocate the same rules of construction. After allowing for some dissimilarity in the language of the several bequests the variance in the decisions is due to difference in the application of those rules. In the cases cited by appellant phrases conferring on the life tenant the right to use or dispose of the property are regarded with great liberality. In the cases cited by appellee, language claimed to enlarge the life estate is scrutinized with some severity. For example, in *Blake* v. *Blake, supra,* a devise of money, credits and bonds to the wife "to have and to hold to her for her own individual use during her lifetime", with residue "if any" after paying her just debts, etc., to certain children, was construed to give her the unlimited use of the bequest. In *Behrens* v. *Baumann, supra,* a devise of property to the wife "for her own use during her natural life", with the request that she administer same for the benefit of herself and certain heirs, with remainder to them of "whatsoever what may be left", was held to confer on her only the life estate. These decisions are difficult to reconcile, and we shall not attempt to do so. The logic which sustains one decision, opposes the other. One is the product of liberal, the other of strict, construction. Further comment on the diver-

gent cases would be unfruitful as they have been exhaustively discussed in former decisions of this Court.    See particularly *Milhollen's Adm'r.* v. *Rice,* 13 W. Va. 510; *Morgan* v. *Morgan,* 60 W. Va. 327; *National Surety Co.* v. *Jarrett, supra; Totten* v. *Dawson,* 104 W. Va. ........., (decided by this Court October 11th, 1927).

Both citations concur that where property is willed to a beneficiary for life, but he is given unlimited power of disposal, his estate is absolute.    If not expressly stated, the power of disposal must be clearly implied.    "Where a life estate is expressly given to convert it into a fee, there must be clear power of disposition given to the devisee for life". *Stout* v. *Clifford,* 70 W. Va. 178 (181).    2 Alexander on Wills, Sec. 977.    As the second item in the will limits the wife to a life estate in express terms, the burden is on appellant to show a superadded power of disposition.    He relies on the third item—particularly that part which expresses the desire of the testator that no settlement be required of the wife, and that she fully enjoy a sufficiency of the property to make her happy and contented.    He contends that full enjoyment of the estate means absolute power over it.    In order for that contention to prevail the right of full enjoyment must be inconsistent with, or in addition to, her rights as a life tenant.

The word "enjoy" has no primary significance of sale or disposal.    Its accepted definition is "to have, possess, and use with satisfaction, to occupy or have the benefit of".    That definition conveys the idea of retention rather than disposition.    So long as the devisee could pleasantly use the bequest as devised, no implied right of disposal would arise. Before the right to enjoy would imply the right to sell, the bequest would have to be unsuited to enjoyment in the form devised.    There is nothing in the will to indicate that the property could not be enjoyed by the wife in the form in which it was devised.    If no implied right to consume or dispose of the property is inferable from the words "fully enjoy", then the obvious purpose of the testator was that his wife should enjoy the bequest not as an owner, but as a life tenant—that is, by use and occupation.    "The words 'use and

occupation' properly state the nature of the enjoyment of property by a tenant for life." *Faxon* v. *Faxon,* 174 Mass. 509 (511). The right to use and enjoy the bequest is an ordinary incident to a life estate. "The tenant for life is entitled to the full use and enjoyment of the property." 17 R. C. L. 625. 2 Alexander on Wills, Sec. 962; Thompson on Real Property, Sec. 731. Under the devise for life, the wife had the right to fully enjoy the property without other authority to do so. Therefore the express bestowal of that right did not enlarge the life estate.

A like construction was given the phrase "to be enjoyed by her", in *Englerth et al.* v. *Kellar,* 50 W. Va. 259 (263). After quoting from Judge GREEN's opinion in *Milhollen* v. *Rice, supra,* to the effect that, when property was given to a devisee to consume, spend, sell or give away at his pleasure, the devisee took the fee, even though the interest were called by the will a life estate, the court said: "Michael Englerth gave all of his property remaining after the payment of his. debts to his wife, 'to be enjoyed by her during her natural life.' * * * The holder of a life estate has it for his enjoyment and for the purpose of using it and for no other purpose, except that he has the power to lease or sell it, (i. e. the life estate). The terms used in the proposition laid down by Judge GREEN as creating an estate in fee simple, even when the estate is called a life estate in the will, are not to be found in this part of the third clause of this will. They are not expressly stated nor can they be inferred or implied from the words, 'To be enjoyed by her'."

Our conclusion is strengthened by the apparent confidence of the testator that a remainder would exist at the death of his wife, and by the fact that in the very clause relied upon to enlarge the life estate, the testator emphasizes, by repetition, the limitation to her "so long as she may live". Appellant asserts that the wife could have disposed of all of the property, and "no one could have questioned her acts". He overlooks the right of remaindermen to prevent waste by a life tenant.

It seems that a considerable sum of money belonging to Sarah E. Elliott was intermingled with funds of her husband

in his lifetime. Appellant contends that the estate of the wife should now be given credit for that money in the settlement with the administrator of the husband. The will disposed of all the testator's property. It recognized no claim of the wife thereto, in her own right. It made provision for her which she accepted. The assertion of her claim for the money entrusted to him would have been inconsistent with the full effect and operation of the will. She acceded to the dominion over the property exercised by the testator. She will therefore be held to have elected to take under the will. Such election extinguished any claim against his estate for her money. *Rau* v. *Krepps* 101 W. Va. 344; *Tolley* v. *Poteet*, 62 W. Va. 231.

Appellant also contends that the respective heirs of the decedents should have been made parties to this suit. The bill seeks a disclosure and an accounting by appellant of the funds which came into his hands as the representative of Sarah E. Elliott. The real estate is not involved. The construction of the will is a mere incident to, and not an object of, the litigation. The presence of the heirs is therefore not essential. ''When a bill for discovery is brought in equity (i. e. by a personal representative), the distributees are neither necessary nor proper parties.'' 6 Stand. Ency. of Pro. 520. *Smith* v. *Smith's Adm'r.*, 92 W. Va. 696, 24 S. E. 280.

He further says that because the wife was excused from making a settlement, no accounting should be exacted of him, as her representative. The absolution of the wife in this respect was personal to her, and under no conception could it relieve her representative from a reckoning of what came into his hands.

Error is cross-assigned by appellee because the court allowed appellant a commission on the property recovered from him in this suit. That property consisted of cash in bank, notes, stock and securities, which stood in the name of Sarah E. Elliott at the time of her death. The right of her administrator, under the circumstances, to assume charge of this

property is clear.    Having lawfully reduced it to possession, he is entitled to compensation.

The decree of the lower court is affirmed.

*Affirmed.*