JOHN J. RAINES *et al. v.* STELLA HESLIP *et al.*

(No. 7517)

Submitted May 3, 1933. Decided May 9, 1933.

(Rehearing denied June 27, 1933)

*Marcum, Lovins & Gibson,* for appellants.
*Chesley A. Lycan* and *C. F. See, Jr.,* for appellees.

HATCHER, JUDGE:

This suit requires the construction of a deed of real estate, executed by Harmon Loar and wife in 1881 to their daughter, Mary E. Frasher, now Withrow, "and her heirs". The consideration stated is $1,000.00, paid. The land was granted (as the deed designates) "unto the said Mary E. Frasher as long as she lives, and to her heirs after her death, or to her assigns forever". The plaintiffs, J. J. Raines and R. McClure, are grantees of the real estate under a deed from Mrs. Withrow purporting to convey the fee, and plaintiffs contend that the Loar deed likewise passed the fee to their grantor. The

defendants, Stella Heslip and Clara Billups are the only children of Mrs. Withrow. Mrs. Heslip was born before the Loar deed was executed. The defendants contend that their mother acquired merely a life estate under the Loar deed, with remainder to them. The circuit court found in favor of the plaintiffs, and defendants appealed.

The defendants rely especially on *Milhollen* v. *Rice*, 13 W. Va. 510, and *Morgan* v. *Morgan*, 60 W. Va. 327, 55 S. E. 389. The plaintiffs place equal reliance on *Englerth* v. *Kellar*, 50 W. Va. 259, 40 S. E. 465, and *Surety Co.* v. *Jarrett*, 95 W. Va. 420, 121 S. E. 291. We noted a lack of entire harmony in our previous decisions in *Wiant* v. *Lynch*, (1927) 104 W. Va. 507, 509, 510, 140 S. E. 487, 488, but found a concurrence this far: ''Where property is willed to a beneficiary for life, but he is given unlimited power of disposal, his estate is absolute. If not expressly stated, the power of disposal must be clearly implied.'' The same rule of construction would apply to a deed. *Morgan* v. *Morgan, supra*. ''The words 'heirs and assigns' are the usual technical words in a deed to signify a fee.'' *Kendall* v. *Clapp*, 163 Mass. 69, 39 N. E. 773. The word ''assigns'' means ''those to whom property shall have been transferred.'' *Gannon* v. *Pauk*, 200 Mo. 75, 88, 98 S. W. 471, 475. The word (assigns) ''implies *ex vi termini* the right to sell, give away or dispose of in any other manner the estate'' in question. *McRee* v. *Means*, 34 Ala. 349, 356. The right of Mrs. Frasher to *assign* the real estate *forever* (as the granting clause specifies) clearly implies a grant to her in fee simple.

Other courts construing like clauses have reached a like conclusion. In *Johnson* v. *Morton*, 28 Texas Civ. App. 296, 298, 67 S. W. 790, 791, the conveyance was to the grantees ''during their natural life and after their death to their heirs and assigns.'' The court held that the grantees took the fee, saying that the word ''assigns'' was inconsistent with an intention to convey merely a life estate and evidenced an intention to grant the power to sell and dispose of the property. In *Goetz* v. *Ballou*, 19 N. Y. S. 433, 434-5, there was a devise of land to a daughter (Louise) for life and after her death ''to her heirs and assigns forever''. The court held the gift was absolute, ''notwithstanding the apparent words of limitation as to life.'' And in *Kendall* v. *Clapp, supra,* it was held

that a devise of real property to a wife "for her sole use and comfort during her natural life and to her heirs and assigns forever" gave an estate in fee simple. In the opinion the court said: "The use of the word 'assigns' implies that she has the power of disposal. * * * We think the words 'for her sole use and comfort during her natural life,' as used by the testator were not meant by him to cut down his devise, or to make an estate for life, but to emphasize his intention that she should have the sole and full benefit of the property given."

Some erasures are apparent on the face of the Loar deed, but there is no evidence of when the erasures were made or of their purpose. Conjecture of counsel in relation thereto cannot be considered.

The judgment of the circuit court is affirmed.

*Affirmed.*