# CHARLESTON.

HULDA A. BLAKE v. THOMAS ENCIL BLAKE, ADMR., ETC. *et als.*

Submitted January 17, 1923. Decided January 23, 1923.

1. EXECUTORS AND ADMINISTRATORS—*Suit for Legacy May be Maintained by Legatee Against Decedent's Personal Representative and Those Interested in Subject-Matter.*

   A bill in equity to recover a legacy may be maintained by the legatee against the decedent's personal representative and those interested in the subject matter.

2. EQUITY—*Suit to Recover Legacy Not Subject to Demurrer Because Also Asking for Construction of Will.*

   Such a bill is not subject to demurrer because as an incident to the relief sought it prays for a construction of the will in harmony with the main purpose of the bill.

3. WILLS—*Bequest Under Residuary Clause to Wife for Life Held to Vest Absolute Estate.*

   By will decedent first directed that all his just debts and funeral expenses be paid; and after making certain devises to his four children, made the following provision for his wife:

"I also bequeath and devise to my beloved wife, Hulda, A. Blake, all of my property both real and personal situated in the village of Rosbys Rock consisting in houses and lots and household goods to have and to hold to her during her natural life-time and at her demise I direct that the real estate in Rosbys Rock Shall be Sold and the proceedings thereof be divided equally between my three daughters, And the Household goods be equally distributed among my four children, three daughters and one son. I further give and bequeath to my wife, Hulda A. Blake, all the *resadue* of my personal property consisting in money credits or bonds, to have and to hold to her for her own individual use during her lifetime, and at her demise after paying all *he* just debts and funeral expenses the *resadue* if any be left to be equally divided among my four children.

Under the residuary clause the wife in entitled to an absolute estate in such residue of the decedent's money, credits and bonds.

(McGINNIS, JUDGE, absent).

Appeal from Circuit Court, Marshall County.

Suit by Hulda A. Blake against Thomas Encil Blake, administrator, etc., and others. From a decree for plaintiff, defendants appeal.

*Affirmed.*

*Charles E. Carrigan* and *Martin Brown,* for appellants.
*James D. Parriott,* for appellee.

MEREDITH, JUDGE:

Plaintiff, who is the widow of Thomas Blake, deceased, and a residuary legatee under his will, brought this suit against the decedent's administrator with the will annexed and his four children, who are the remaining devisees and legatees under the will, to recover the legacy bequeathed to her. A demurrer to the bill was overruled. Defendants filed a joint and separate answer; the cause was heard on bill and answer and the court decreed in favor of plaintiff. The defendants appealed.

All persons interested are made parties. The bill shows that Thomas Blake died in January, 1919, leaving surviving, the plaintiff, his widow, and the four defendants, who are the children of decedent and plaintiff; that he disposed of all of his property by will; that the executor named in the will refusing to qualify, decedent's son, Thomas Encil Blake, qualified as administrator with the will annexed; that the personal estate of the testator was appraised at $11,382.53, and the administrator has paid all lawful claims against the estate and duly settled his accounts, which settlement was approved and confirmed by the county court, showing a balance in his hands of $9,734.21, which plaintiff claims under the residuary clause of the will. Copies of the will, appraisement and settlement are filed with the bill as exhibits. The real purpose of the bill is to obtain the personal estate in the hands of the administrator, though it asks that plaintiff "may have the advice and protection" of the court in giving a construction to the provision of the will in favor of plaintiff, which is specifically set out. While the bill is framed on the theory that the court may take jurisdiction for the purpose of construing the will, yet that is only incidental to the real relief asked. She avers that there is a controversy between her and the administrator as to the meaning of the residuary clause, but the controversy, without more, would not give jurisdiction. *Collison* v. *Bright*, 85 W. Va. 700, 102 S. E. 675. But she does not stop by merely stating the matter in controversy. She asks, not only to have the will construed, but that a decree may be entered requiring the administrator to carry out the terms, trusts and provisions therein in her favor so that she may receive the legacy and support due her under the will, and that she may have general relief. While her right to the legacy is stated hesitatingly rather than boldly, yet when the bill is analyzed, it asserts that she has a right to the possession and use thereof and claims it absolutely. Now, regardless of any doubt in a will, a legatee has a right to sue in equity for his legacy if he has present right to payment. "Legatees and distributees, either alone or jointly, may maintain a suit for the payment of

legacies or the distributable shares due them from the estate of a decedent.'' Carlin's Hogg's Equity Procedure, Sec. 72; *Rexroad* v. *McQuain,* 24 W. Va. 32; *Woodyard* v. *Buffington,* 23 W. Va. 195; *Currence* v. *Daniels,* 5 W. Va. 418. So, if under the terms of the will the plaintiff is entitled to the personal estate in the administrator's hands, she has a right to maintain this suit.

The testator in the first clause directed that all his just debts and funeral expenses be fully paid. By the second and last clause he gave a farm to each of his children in fee. Then follows the following provision: ''I also bequeath and devise to my beloved wife Hulda A. Blake all of my property both real and personal situated in the village of Rosby's Rock, consisting in houses and lots and household goods to have and to hold to her during her natural lifetime and at her demise I direct that the real estate in Rosby's Rock shall be sold and the proceeds thereof be divided equally between my three daughters, and the household goods be equally distributed among my four children, three daughters and one son. I further give and bequeath to my wife Hulda A. Blake all the *resadue* of my personal property consisting in money credits or bonds, to have and to hold to her for her own individual use during her lifetime, and at her demise after paying all *he* just debts and funeral expenses the *resadue,* if any, be left to be equally divided among my four children, it is also my will that my daughters Jennie. D. Bonar, Sarah F. Lancaster and May A. Gorby each pay to my wife Hulda A. Blake the sum of Fifty ($50) dollars per year and my son Thomas E. Blake pay her Sixty ($60) dollars per year during her natural lifetime as an annuity or rental for her dower interest in the farms hereby devised to them these Sums to be paid to her my said wife in addition to the property left to her in the village of Rosbys Rock W. Va.''

There is no controversy about the property in Rosby's Rock. The controversy relates solely to the personal estate in the administrator's hands, consisting of moneys, notes and bonds. Plaintiff claims that this personal estate under the will is hers, or if not hers absolutely, that she has the right

to possess and use it as her own, consume it if she will, without any interference by the administrator or her children; the defendants claim that she has but a life-estate in it, and can use no more than the income therefrom; that she is not entitled to the possession and control of it, but that it should remain in the possession and control of the administrator, who is willing to pay her the income. There is no dispute as to the identity of the property. It is the residue (*resadue*) of the testator's personal estate. By his will the testator gave it to his wife "to have and to hold to her for her own individual use during her lifetime, and at her demise after paying all *he* just debts and funeral expenses the *resadue* if any be left to be equally divided among my four children." We think the word "he" means "her,"—"her just debts and funeral expenses" rather than "the just debts and funeral expenses" as suggested by defendants' counsel. Whose just debts and funeral expenses are so to be paid? Not the testator's; they are to be paid as directed in the first clause of his will; there is no "resadue" until the testator's debts and funeral expenses are paid. Clearly the provision refers to the debts and funeral expenses of his wife, and this would be so if the word "he" were interpreted "the" instead of "her", as contended by counsel for defendants. He gives her, after the payment of his own debts and funeral expenses, which under the law must first be paid out of his personal estate, the residue of his personal property. He says nothing about income from it. He says "all the *resadue* of my personal property, consisting in money credits or bonds." And for what purposes? For her own individual use, during her lifetime. Is this use to be determined by the administrator? No. It is left to her for her use and for her to say how she will use it; and there is not a word said about income, but the residue of his personal property, his money, credits and bonds,—the property itself,—is given to her, for her individual use. Defendants contend that the income from the personal estate, taken together with plaintiff's income from the real estate devised her, the annuities to be paid her by her children, and a pension she receives from the Federal

Government, is sufficient for her maintenance. That may be so, but the will does not say anything about support or maintenance. The fact that she might be entitled to a pension, as the widow of a Civil War veteran may have been known by the testator, but he does not mention it in his will. It certainly can not be considered in construing the will. Nor do we think the individual use to which she might devote the residue is confined to her support and maintenance, as contended. Under the will, after her death, what part is to be divided among the four children? The residue, that part which is left after her debts and funeral expenses are paid. By whom are these debts to be contracted? Not by the administrator. He is not made her agent to contract debts for her. The will says "her debts." And then there are the words "if any be left"; what do they mean? We think the testator clearly had in mind that there might not be residue, that she might use all the money, credits and bonds, during her life, so that there would be nothing left to be divided among his children. He placed no limitation on her use, but we think gave her unlimited use of the residue of his money, credits and bonds, after the payment of his own debts and funeral expenses. If she can contract debts which may be charged against or paid out of the moneys, credits and bonds, it appears to us that by strong implication these moneys, credits and bonds are hers absolutely.

We think this case may be easily distinguished from *Behrens* v. *Baumann*, 66 W. Va. 56, 66 S. E. 5, in which the testator gave his wife his estate, real and personal, "for her own use during her natural life"; in another provision he requested her "to administer all the estate for the benefit of herself and the heirs" named in the will; by another, he provided that his grandson should "have everything, real or personal whatsoever what may be left" and if he, the grandson, should die without leaving any child or children of his own, then "the estate left over shall be divided in equal shares between the first cousins of my widow," also named. In discussing the estate that the wife took under the will, Judge Poffenbarger says: "In express terms, her estate is defined

as one for life, and she is required to administer the whole estate for the benefit of herself, Raymond Hanke, the grandson, and the other beneficiaries mentioned in the fourth clause, taking in the event of the grandson dying without issue. We, therefore, construe the words 'whatsoever what may be left,' not as giving to her, by implication, a right of consumption and disposition, but as merely 'indicating intention to give what should remain after the payment of debts and funeral expenses and the consumption of such portion of the estate as a life tenant could rightfully consume.''

In that case no provision was made for payment of all the just debts of the legatee out of the property devised, as there is in the present case, nor is there in the present case any requirement that the wife shall administer the estate for the benefit of her four children. There is nothing said about its administration for the benefit of anybody. It is given to her for her own individual use, for life, with the right to contract debts which may be paid out of it. If there were no provision for the payment of all her just debts, then we would be constrained to hold that plaintiff's interest would be limited to a life-estate and she would be entitled to the income only, but the fact that it is given to her for her own individual use, with her right to contract debts to be paid out of it, gives her absolute right to the *corpus* or principal, and that she may use it as her own.

In *Cole* v. *Cole*, 79 Va. 251, the will provided: ''I give to my wife all my estate during her lifetime, and at her death half of the real estate and half of the personal property that may be on hands to do with as she may see proper, and the other half of my real estate and personal property to go to the heirs of my brother.'' The widow claimed only the personalty in absolute right; the court held that the words ''that may be on hands'', fairly construed, impliedly gave the wife the absolute disposal of the personal property at least, and the limitation over to the heirs of the brother is repugnant and void. The Virginia decisions in line with the Cole case, notably *Farish* v. *Wayman*, 91 Va. 430, 21 S. E. 810, and *Rolley* v. *Rolley's Ex'x,* 109 Va. 449, 63 S. E. 988, are criti-

cised by Judge BRANNON as unsound in *Stout* v. *Clifford,* 70 W. Va. 178, 73 S. E. 316. That case, however, involved only the real estate of the testator, though the wife was given all the testator's notes, bonds and bank stock, and real estate for life, the will providing that after her death, the property, if any be left, should be divided equally among the children. It was there held that the words "if any be left" did not convert the grant of a life estate in the land into a fee. We do not question the propriety of that decision, but the case there is essentially different from that disclosed here. The Virginia cases hold that such a devise vests a fee-simple in the so-called life tenant or first taker, but our cases are uniformly to the contrary. That case, however, did not involve personalty, nor was there any provision for the payment of the legatee's debts out of the corpus of the estate, as here. In like manner, we think the earlier cases of *Bartlett* v. *Patton,* 33 W. Va. 71, 10 S. E. 21; *Roush* v. *Hyre,* 62 W. Va. 120, 57 S. E. 368; and *McDonald, Committee* v. *Jarvis,* 64 W. Va. 62, 60 S. E. 990, differ from the present case. We therefore hold that the demurrer to the plaintiff's bill was properly overruled.

But little remains to be said. Defendants do not deny the allegation of the bill that there are no debts owing by the estate. It is tacitly admitted that the administrator has possession of the personal property which was devised to plaintiff. The remaining defense is that she is not, owing to her advanced years, fitted to take charge of and invest properly the personal estate and that to tax her energies with such a burden would result in harm to her rather than a benefit. Defendants' counsel argue that this statement must be taken as true, since no replication was made to the answer, overlooking the statement in the bill that plaintiff is of sound mind and discreet conduct. But whether she be a good business woman, or not, makes no difference. Under the will the property belongs to her and she has a right to it. We will therefore affirm the decree.

*Affirmed.*