## CHARLESTON.

ORAN C. OGDEN, *Administrator v.* IDA MAXWELL *et al.*

(No. 6015)

Submitted November 22, 1927.    Decided November 29, 1927.

1. WILLS—*Will Devising Life Estate and Giving Absolute Power of Disposition Generally Raises Life Estate to Fee.*

    Where a life estate is devised in a will, and by the same instrument the devisee is given an absolute and unlimited power of disposition of the property so devised, the latter provision generally will prevail, and have the effect of raising the life estate to a fee. (p. 557.)

    (Wills, 40 Cyc. p. 1626.)

2. SAME—*Where Absolute Power of Disposition Appears to be Primary Intent, Life Estate Devised Will Become Fee Simple.*

    In such a case, where the absolute and unlimited power

104 W. Va.

of disposition appears to be the primary or dominant intent of the testator, a fee simple estate will be thereby created. (p. 557.)

(Wills, 40 Cyc. p. 1626.)

3.  SAME—*Where Devisee Has Power to Convey Devised Land, Necessary or Convenient for Maintenance, Comfort, and Support, Without Limitation, Power of Disposition is Testator's Dominant Intent, and Estate Devised is Fee.*

Where the devisee is given full power and authority to sell and convey any or all of the real property so devised to him, that may be necessary or found convenient for his maintenance, comfort and support, without any limitation on such authority, the power of disposition will be construed to be the dominant intent of the testator.   (p. 558.)

(Wills, 40 Cyc. p. 1627.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Wood County.

Suit by Oran C. Ogden, administrator of the estate of Mary H. Hunter, deceased, against Ida Maxwell and others. From a decree of dismissal, defendant N. A. Ogden and others, Oran C. Ogden, administrator, and Ida Maxwell separately appeal.

*Affirmed.*

*C. P. Craig* and *T. M. McIntire,* for appellants.

*Ambler, McCluer & Ambler* and *Robert B. McDougle,* for appellees McCulley and Hathaway.

MILLER, JUDGE:

This suit was brought by the plaintiff, Oran C. Ogden, administrator of the estate of Mary A. Hunter, who died intestate January 5, 1925, making parties defendant thereto the heirs at law of the said Mary A. Hunter, R. N. Corbitt, the administrator of the estate of her husband, James Hunter, the creditors of the estate of Mary A. Hunter, and certain devisees named in the will of the said James Hunter. The bill prays for settlement of the accounts of the plaintiff as administrator; that an account be taken of all the debts and liabilities of the estate of Mary A. Hunter, and that all debts due her estate from the estate of James Hunter be ascertained and fixed; that the amount and value of all real estate belonging

to her estate be ascertained and determined; that the personal estate in so far as it will go be applied to the payment of any debts owed by her estate; that the accounts of R. N. Corbitt, administrator of the estate of James Hunter, be finally settled, and that an account of all debts and liabilities due to or from the estate of James Hunter or to the estate of Mary A. Hunter under said will, if so determined, be ascertained and fixed; that the will of James Hunter be construed, especially as to the rights of Mary A. Hunter thereunder, and as to the rights of the other devisees named therein; that a decree of sale be made of the real estate of said James Hunter, if deemed necessary to carry out the provisions of his will; that a decree be made authorizing the Board of National Missions of the Presbyterian Church and the Trustees of Bethel Presbyterian Church to sell and convey any property belonging to it under said will; and that plaintiff be authorized and empowered to take charge of the estate of Mary A. Hunter and to any estate and interest she might have in the estate of James Hunter and that he be further empowered and authorized to lease and rent the same upon the best terms obtainable, and that he be granted such other, further and general relief as to equity may seem meet.

James Hunter died in June, 1910. His will is made a part of the bill of complaint. By the first paragraph of his will the testator directed that all his just debts, funeral expenses, and expenses of administration be paid out of his estate as soon as might be found convenient after his death.

The remaining paragraphs of the will are as follows:

"Second: I direct that my body be buried in the lot selected by me in the cemetery at the Bethel Presbyterian Church, of which said Church I am a member, and that a monument be erected at my grave suitable for myself and my wife, at a cost not to exceed $300.00, the same to be erected by my executor within one year after my death.

"Third: It is my will and desire that my wife, Mary A. Hunter, shall be paid out of my estate the money she furnished at the time of our marriage and has been used by me and invested in the property the title to which is in my name.

"Fourth: All the rest, residue and remainder of my estate, I will devise and bequeath unto my beloved wife, Mary A. Hunter, for and during the time of her natural life, (except I desire that One Hundred Dollars shall be paid to my sister Caroline Henry, of Avilla, Noble County, Indiana, should she be living at the time of my death, and One Hundred Dollars to be paid to Robert H. Burk, of Parkersburg, W. Va., should he be living at the time of my death, said sums *sot* to be paid within one year after my death. But should either of said last named persons, or both, die before my decease the said sums are not to be paid until the death of my said wife) to be used and enjoyed by her for her sole use, benefit and support, with full power and authority to sell, deed, grant and convey any and all real estate that may be necessary, or found expedient so to do for the maintenance, comfort and support of my said wife.

"Fifth: At the death of my said wife, should she survive me and I will, devise and bequeath unto the children of my sister Eliza Jane Ogdin the sum of One Hundred Dollars to be equally divided amongst them or their heirs should any of them die before said time.

"To Chella Hunter Scott, the daughter of my Brother, W. H. Hunter, of Ashland, Kentucky, the sum of One Hundred Dollars.

"To the children of my sister, Caroline Henry One Hundred Dollars, to be divided equally among them or their heirs. But should my said sister Caroline Henry receive the One Hundred Dollars hereinbefore bequeathed to her, then her said children are not to receive any part of my estate at the death of my said wife.

"Should the said R. H. Burk die before receiving the amount hereinbefore bequeathed to him, said sum to be paid to his son, James H. Burk, but in the event that the said R. H. Burk shall receive said sum bequeathed to him I devise, will and bequeath to said James H. Burk the sum of Fifty Dollars, but should he receive the $100. dollars above referred to, he is not to be paid the said sum of Fifty Dollars.

"Sixth: After the payment of the several sums and bequests hereinbefore set forth, to be paid at the death of my wife, I will and devise and bequeath unto the Board of Home Missions of the Presbyterian Church of the United States of America all of my estate and not hereinbefore disposed of, or to the successors of said board, said sums to be placed upon interest and the interest paid semi-annually to the Trustees of the Bethel Presbyterian Church, for the support of said Church of which said church I am a member.''

Upon demurrer to the bill by the heirs at law of Mary A. Hunter, the circuit court found that by the terms of the will of James Hunter there was vested in Mary A. Hunter an estate in fee simple in all of the property of which James Hunter died seized, and therefore sustained the demurrer, and dismissed plaintiff's bill.

From this decree two appeals were taken to this court: one by those claiming under the alleged remainder clause in the will, assigning as error the finding of the circuit court, that Mary A. Hunter took a fee simple estate in the real property of her husband; the other by Oran C. Ogden, administrator, who contends that whether or not Mary A. Hunter was entitled to a fee simple estate in the property involved, the court erred in dismissing his bill without adjudicating any of the other questions raised by the pleadings, after having taken jurisdiction of the cause for the purpose of construing the terms of the will.

Our cases hold that where a life estate is given the devisee, with full power of disposition, the estate vested in such devisee is usually a fee simple, although the will may further provide for the disposition of the remainder, if any, after the death of such devisee; and that generally the power of absolute disposition by the devisee will prevail and raise the life estate into a fee. *National Surety Company* v. *Jarrett*, 95 W. Va. 420, and the Virginia and West Virginia cases there cited and reviewed. And in *Morgan* v. *Morgan*, 60 W. Va. 327, it is said: "If the primary or dominant intent be to create a life estate, then such intent will prevail over words indicating an absolute and unlimited power of disposition;

and vice versa, if the absolute and unlimited power of disposition appears to be the primary or dominant intent of the instrument, then a fee simple estate will be created.''

In the present case the widow was given *full power and authority* to sell and convey *any or all* real estate that might be necessary or found expedient for her maintenance, comfort and support. Not only was she given power to sell and convey, but to consume the proceeds of such sale. Had she done so, no one could have questioned her act or motive. That she did not do so, argues nothing, for the estate she took in the property is not governed by what she actually considered or found to be necessary or expedient, but by that she could have done; and no limit was placed on her right to dispose of the fee and consume the proceeds. Was not then the primary and dominant intent of the testator to place in the hands of the wife all his property with full power and authority to convey the same by deed or otherwise, and to use the proceeds thereof to the exhaustion of the whole estate, if she saw fit to do so? If so, the anticipation of a remainder is so inconsistent with the power of disposition, that the latter must prevail, and carry with it a fee simple estate. *Morgan* v. *Morgan, supra.* It is clear that James Hunter's first and foremost purpose was to provide for his widow to the full extent of his ability to do so, and he provided that she might in her lifetime use every cent of the estate left by him. The appraisal of his estate, filed as an exhibit with the bill in this cause, shows a valuation of $7,640.51, of which $6,410.00 was real property. No doubt the testator realized that the income from this property, the amount of which does not appear, might not be sufficient to provide for the ''comfort and support'' of his wife at all times, and she in fact lived for fifteen years after his death; so that he gave her an unqualified right to dispose of any or all of it. We can gather no other intent from the terms used in paragraph four of the will.

Appellants rely on the case of *Woodbridge* v. *Woodbridge,* 88 W. Va. 187, where it was held that the devise created only a life estate. But there the testatrix only devised to her husband ''all of my estate both real and personal, and mixed,

of whatever kind and character and wherever the same may be located, he to have and to hold the same as long as he shall live, giving and granting unto him the right to use and enjoy the income thereof, and should he deem it proper to sell the same for his benefit or to increase the income thereof should he, the said William Darling Woodbridge survive me.'' It was there held that the clause of the will giving to Woodbridge the power to sell did not confer upon him the absolute right of disposal, but the right to change the form of the property if a larger income could be secured thereby. There the dominant intent was to give the devisee a life estate only. To distinguish that case from the present one, it is only necessary to refer to the opinion of Judge Meredith in the *Jarrett* case.

It is argued that paragraph three of the will can not be disregarded or rendered meaningless by construing paragraph four to vest in the widow an estate in fee. This provision, like those attempting to dispose of remainders, may be inconsistent with the absolute power of disposition, and must also give away to the expressed dominant intent of the testator. It can have no more weight than other inconsistent provisions, especially when it comes before the clause creating the power of disposition. What the testator had in mind is not clear. He did not make mention of the amount of the money contributed by his wife to the purchase of the property taken in his name. Whatever devise this paragraph might have created was merged in the larger estate created by the fourth paragraph.

The appellant, Oran C. Ogden, administrator, complains of the action of the circuit court in dismissing his bill without taking jurisdiction of the questions presented by the bill, other than the construction of the will of James Hunter in regard to the devisee to Mary A. Hunter. It is said that this suit was brought for the following purposes: ''First; to marshal the assets of the estate of said Mary A. Hunter, deceased; Second; to ascertain the personal estate of said decedent, Mary A. Hunter; Third; to ascertain the names of the heirs and next of kin of said Mary A. Hunter, and the degrees of kinship in order that a proper distribution of the

estate may be made by the administrator; Fourth; to settle
the estate of James Hunter, and ascertain the amount of
debts due from the estate of James Hunter, and particularly
the debt and claim due, if any, to the estate of Mary A.
Hunter, as provided in paragraph three of the will of James
Hunter, and in addition thereto, the construction of the will
of James Hunter as heretofore stated.''

The bill alleges that the personal property of Mary A.
Hunter was duly appraised, and there is exhibited therewith
an inventory of the same; and it is further alleged that the
debts against her estate have been paid. The bill names the
heirs at law of Mary A. Hunter, and the plaintiff therein
alleges that they are, as he is informed, the legal distributees
of the estate. He does not allege that any are unknown to
him, or ask that unknown heirs be ascertained. As to the
amount due from the estate of James Hunter to that of Mary
A. Hunter, no question remains in view of the construction
of the will by the circuit court, as herein approved.

The bill alleges that the property of which James Hunter
died seized and possessed was duly appraised and turned
over to R. N. Corbitt, Administrator, and that all the debts
against the estate were settled by the said administrator
except the claim of Mary A. Hunter; and the only particu-
lar in which, it is charged, the provisions of the will were not
carried out, is ''that the bequest under said will to James
Burk, to the children and heirs at law of Caroline Henry,
to Chella Hunter Scott, to Eliza Jane Ogdin, had not at that
time, nor, as your complainant is advised, yet been paid to
them as directed by the fifth paragraph of said will.'' The
final settlement of R. N. Corbitt, Administrator, filed July 3,
1912, and confirmed by the county court as of that date, a
certified copy of which is exhibited with the bill in this cause,
shows a payment of $100.00 to R. H. Burk. This undoubtedly
was in payment of the devise to him.

The fourth paragraph of the will provided that one hun-
dred dollars should be paid to Caroline Henry if she was
living at the time of the death of the testator. Whether or
not she was then living does not appear. The other bequests
which it is said were not paid, are found in the clause of the

will providing for the distribution of the remainder after the death of Mary A. Hunter, which failed because of the vesting of the fee simple estate in her.

Administrator Ogden contends that the circuit court should have retained jurisdiction of the cause for the purpose of settling his accounts. We do not think the bill alleges facts entitling him to such relief. He alleges that the decedent's property was duly appraised and valued at $1,898.29, and that he has paid all debts against the estate. His statement of account filed with the bill shows that he disposed of the personal property for the sum of $2,131.19, has paid out sums amounting to $989.62, and still has on hand a balance of $1,141.57. All that is left for him to do, after deducting costs, fees and commissions, is to distribute the balance remaining among the heirs at law of Mary A. Hunter, named in his bill. As above noted he does not allege there may be heirs unknown to him. Chapter 87 of the Code fully provides for the settlement of his accounts. The construction of paragraph four of the will of James Hunter by the circuit court, here affirmed, removes all difficulties alleged in the bill.

We are of opinion that the decree of the circuit court was right and proper, and it will be affirmed.

*Affirmed.*