T. G. C. GRIMMETT *et al. v.* E. M. MEADOWS *et al.*

(No. 8003)

Submitted May 7, 1935. Decided June 8, 1935.

W. A. *Brown,* for appellants E. M. Meadows and others.

A. D. *Daly,* for appellants Nora C. Terry and First National Bank of Hinton.

J. W. *Maxwell,* for appellees.

MAXWELL, JUDGE:

This suit is for partition of real estate and for an accounting by certain of the defendants for the value of the use and

occupancy of a moiety thereof. From a decree granting the relief sought by the plaintiffs, the defendants appeal.

J. B. F. Grimmett and Mary F. Grimmett were husband and wife residing in the city of Hinton. Both are dead. He died first. By his will, he directed, first, that his debts and funeral expenses be paid. Secondly, he bequeathed to his niece, Carrie Vermillion, the sum of $1,500.00 ''to be paid out of my estate, and I desire that said sum shall be paid out of such funds as I may have at the time of my demise, or in the event that there is not sufficient available cash, enough of my property may be sold to make up any deficient portion or the whole thereof, if same is necessary to pay the said stipulated sum to the said Carrie V. Vermillion.'' The third paragraph, excluding a provision irrelevant to the present inquiry, reads: ''I give and bequeath to my wife, Mary F. Grimmett the residue of my estate, both real and personal * * * my said wife to use the said residue of my estate for personal support and maintenance so long as she shall live.'' Fourth: ''I direct that after the death of my wife the said Mary F. Grimmett, any remaining portion of my estate shall revert to and be equally divided between the said Carrie V. Vermillion and all of my brothers and sisters to include only such ones as shall be living at that time, each and all to share equally and alike.'' The widow was nominated executrix. The will was admitted to probate in Summers County June 24, 1916.

This suit involves primarily two parcels of real estate situated in what is now the city of Hinton. Mr. and Mrs. Grimmett each owned an undivided moiety of each parcel. On March 29, 1919, Mrs. Grimmett conveyed the less valuable of the two parcels to Nora C. Terry for $2,600.00. On the 11th of October, 1924, she conveyed the other parcel to E. M. Meadows and Mae Meadows for the consideration of $15,000.00, whereof $5,000.00 was paid in cash and, for the residue, a note was executed by the purchasers for $10,000.00. Later, Mrs. Grimmett hypothecated this note with the First National Bank of Hinton as collateral security for certain indebtedness she there owed.

The testator and his wife had no children. The plaintiffs

are a brother and sisters of the testator. They claim under the fourth item of the will, and assert that the testator vested in his widow only a life estate in his undivided interest of the two parcels of real estate, that by the two conveyances aforesaid, the widow conveyed a fee in only the undivided one-half interest which she owned in the said properties in her husband's lifetime, and that as to the one-half of which he died seized, she conveyed only a life estate. Plaintiffs seek partition of the remainder of the latter moiety and an accounting for rent since the death of the widow. The basis of this position is their assertion that by the terms of the will she took only a life estate in her husband's half of the two properties.

No practical purpose would be attained by a detailed recital of the evidence tending to disclose the intricacies attendant upon the settlement of the testator's estate, including the discharge of the Vermillion bequest, and the payment of the living expenses of the widow. She died June 30, 1927. As executrix, she did not make settlements as contemplated by statute, but we do not deem that fact material on this inquiry.

Under the language of item 3 of the will, at the very least, there was given to the widow the full right to use the property for support and maintenance. There was no limitation placed on this right. The evidence justifies the belief that the proceeds of sale of the real properties, so far as expended, have been used for the payment of obligations of herself and husband and for her reasonable and necessary living expenses. The unpaid residue of the said note will be subject to indebtedness of the widow. There is nothing to indicate wastefulness or extravagance. Reasonableness of expenditure in such situation is the measure. Where a husband leaves property to his wife for her use, without limitation, it is to be presumed that he intended to provide for her maintenance in a manner suitable to her station in life and comparable to the standard to which they were accustomed in his lifetime. The mode of Mrs. Grimmett's living subsequent to the death of her husband evidently involved no enlargement of such standard.

From the record it appears that the combined estate of Mr. and Mrs. Grimmett consisted of the two properties men-

tioned; ten shares of New River Grocery Company stock, which Mrs. Grimmett sold for $2,500.00; and household goods and furniture of little value.

We conclude from the foregoing that under the terms of the will she was warranted in conveying in fee the interest derived from her husband; that if there was any contingency involved in the title under the devise at the outset, that contingency was resolved in favor of a fee by the reasonable necessity of the wife to dispose of the properties to provide for her proper support and maintenance.

The right unequivocally vested in her by item 3 of the will to use the residue of the decedent's estate (the residue was inclusive of the real properties involved) for her support and maintenance necessarily implied the right of alienation. She could not have had the right of use in its most complete sense without the right to alienate. If that right was contingent, it was resolved as aforesaid. We have numerous holdings to the effect that the right of complete user or alienation of real estate by a devisee creates in fact a fee simple. Typical cases are *Hustead* v. *Murray,* 115 W. Va. 660, 177 S. E. 898; *Blake* v. *Blake,* 92 W. Va. 663, 115 S. E. 794.

In the light of the foregoing we are of opinion that by the two deeds aforesaid the widow conveyed a fee simple estate in each of the properties involved, and therefore the plaintiffs' bill is without equity.

We reverse the decree of the circuit court and dismiss the bill.

*Reversed; bill dismissed.*

KENNA, JUDGE, concurring:

The controlling question in this case is whether Mary F. Grimmett under the will of her husband, G. B. F. Grimmett, takes a fee simple estate in the residue of the real property of which he died seized and possessed and the absolute ownership of the residue of his personal property, or whether she takes simply a life estate in the real estate and the life enjoyment of the personalty. The third and fourth paragraphs of the will are those that affect this question.

The third paragraph reads as follows: ''I give and bequeath

to my wife, Mary F. Grimmett, the residue of my estate, both real and personal excepting the piano which is not a part of my household effects and which I give without reservation to my ward Carrie V. Vermillion, my said wife to use the said residue of my estate for personal support and maintenance as long as she shall live.''

When we examine the paragraph quoted we see plainly that if the words, ''my said wife to use the said residue of my estate for personal support and maintenance as long as she shall live,'' are excluded, the remaining language leaves no doubt but that Mary F. Grimmett would take a fee simple in the real property and the absolute ownership of the personalty, constituting the residue of the estate. When the language last quoted is added, the question arises whether that language is sufficient to reduce the fee simple estate (using that expression for convenience to apply to the real property and personal property as well) to a life estate. It will be noted that the wife is empowered to ''use the said residue,'' meaning the *corpus* of the estate. The language is not restricted to the income, nor to such use of the property as would devolve upon a life tenant. The wife is to use the entire property for her support and maintenance so long as she shall live. Under our law, the word ''use'', in this sense, imports absolute enjoyment where no purpose to the contrary appears. This question was thoroughly discussed by Judge Meredith in *Surety Co.* v. *Jarrett,* 95 W. Va. 420, 427, 121 S. E. 291, 36 A. L. R. 1171, and the authorities upon which the opinion of the court rested are there given. There is more reason for giving the word that meaning in the case at bar than there was in the *Jarrett* case, because, in the latter case, the clause in which the word appeared came after language which explicitly created a life estate in Jarrett with remainder over to the heirs of him and his wife. In this case, the clause in which the word appears follows language which very clearly creates a fee simple, and not a life estate, in Mary F. Grimmett. It therefore seems apparent that the language last quoted serves the purpose of making unmistakable the right of Mary F. Grimmett to consume and alienate the property she took under the will. Her right to

use the residue for support and maintenance during her life is not repugnant to the existence of the fee simple estate, and when the word "use" is given its proper significance and is applied to the corpus of the estate itself it is seen to be affirmatory of absolute ownership.

But this is not all that the will contains. The fourth paragraph is as follows: "I direct that after the death of my wife said Mary F. Grimmett, *and remaining portion* (italics supplied) of my estate shall revert to and be equally divided between the said Carrie V. Vermillion and all of my brothers and sisters to include only such ones as shall be living at that time, each and all to share equally and alike." It may be said, of course, that this language strongly indicates a purpose on the part of the testator to create nothing more than a life estate in Mary F. Grimmett. While this may be true, it is likewise true that the language last quoted is more consistent with the existence of a fee simple estate in Mary F. Grimmett. It will be observed that the language attempting to create a remainder over is not applicable to the entire residue of the testator's estate, but that it applies only to "any remaining portion of my estate," after the death of the wife. Similar language has been repeatedly construed as conferring an unrestricted power of alienation repugnant to a life estate, defeating the limitation over. See *Howard* v. *Carusi,* 109 U. S. 725, 3 S. Ct. 575, 27 L. Ed. 1089; Minor on Real Property, (2nd Ed.), 1043, and the cases cited in the main opinion. It will be observed that the language of this fourth paragraph does not, in itself, create a life estate in Mary F. Grimmett. The most that can be claimed for it on that theory is that it assumes that paragraph three has created a life estate in Mary F. Grimmett. The thing that makes it impossible to give the language that construction is the fact that it clearly recognizes that Mary F. Grimmett is to have an unqualified power of disposal. It therefore appears that the fourth paragraph of the will assumes two things that cannot exist together: first, a life estate only in Mary F. Grimmett as to the property remaining at her death, and second, an unrestricted power of disposal in Mary F. Grimmett. This being so, I conclude that the fourth paragraph of the will contains nothing that is helpful in

reaching a conclusion as to the meaning of the third paragraph. Therefore, the third paragraph is to stand, and for the reasons already stated, I am of the opinion that it creates a fee simple estate in the real estate and an absolute ownership in the personal property constituting the residue of the estate of J. B. F. Grimmett in his wife, Mary F. Grimmett.

The case is to be distinguished from those cases in which an unqualified power of disposition follows language expressly creating a life estate, and the decisions controlling that situation have no direct application here.