J. M. SWAN, *Receiver, etc. v.* DORSEY POPLE *et al.*

(No. 8372)

Submitted February 10, 1937. Decided April 3, 1937.

*Victor H. Shaw,* for appellant.

*James A. Meredith* and *L. T. Eddy,* for appellee John F. Barry.

RILEY, JUDGE:

This is a lien creditors' suit, one of its objects being to subject the one-seventh interest of James J. Barry in three certain parcels of real estate to sale in satisfaction of two judgments, rendered against him in 1929, and owned by plaintiff, J. M. Swan, Receiver of The Union National Bank of Fairmont, as assignee.

James J. Barry is the son of the late John D. and Bridget Helen Barry, the former having died testate in 1921 and the latter, intestate in 1932. In addition to James J. Barry, there were six other children in the Barry family—all living at the time of the death of their mother. In 1929, James J. executed a certain deed of trust, with covenants of general warranty, on a one-seventh interest in property which embraced the three parcels aforesaid to secure his brother, John F., as holder of, and indorser on, certain notes of the grantor. John F. filed an answer in the instant case in his individual right, and as administrator of the estate of his mother, Bridget Helen Barry. And to this the plaintiff replied generally. On the foregoing pleadings, the question was raised as to whether James J. Barry had obtained his interest in the said parcels under his father's will, or whether he took it by inheritance from his mother, a beneficiary under said will.

The commissioner in chancery reported, among other things, that Bridget Helen Barry took a life estate under the will of her husband, and that the deed of trust lien of John F. Barry was first in priority after taxes. The chancellor overruled exceptions to such report, and entered a decree in accordance therewith. It is from such decree the plaintiff appeals.

The will, the construction of which is involved, provides, in part, as follows:

> "Subject to the payment of my just debts, as provided hereinabove, I will, devise and bequeath unto my beloved wife, Bridget Helen Barry, all of the rest and residue of my property, and estate of every kind and description, and wherever situated, of which I may die seized and possessed, or to which I may be entitled, to be held, used and controlled by her during her life, with full and complete power to her to use and consume all of my personal estate, or such part thereof as she may need for her support and maintenance; and with further power and authority to her to sell and convey any part or portion or all of the real estate of which I may die seized and possessed, or to

which I may be entitled, as she in her judgment may deem necessary for her support and maintenance, or for the benefit of my estate, and the proceeds arising from such sale may be used by her as she may deem proper for her own use or for the promotion of my estate; and I do fully empower and authorize her to make such sale or sales upon such terms as she may deem proper, either for cash or on credit, or partly for cash, and partly on credit, and I do further authorize and empower her to make, execute and deliver to the purchaser of such real estate, good and sufficient deeds or title papers, necessary or required to vest good title in such purchases in and to such property that she may so sell and convey.

"After the death of my said wife, it is my wish and will, that all of my estate then remaining, real, personal and mixed, shall go to, and be possessed and held by all of my children, the same to be so held and possessed by them, equally, share and share alike."

Plaintiff contends that Bridget Helen Barry took a fee simple under the will, and that, therefore, the defendant, James J. Barry, had no interest in the several parcels of real estate at the time he executed the deed of trust. This Court is committed to the position that where there is a gift for life, to which is added a general power of disposition, either express or implied, the estate created is not a life estate with power of disposal, but is an absolute fee simple estate, thus rendering subsequent limitations over repugnant and void. *Grimmett* v. *Meadows,* 116 W. Va. 384, 180 S. E. 534; *Hustead* v. *Murray,* 115 W. Va. 660, 177 S. E. 898; *Ogden* v. *Maxwell,* 104 W. Va. 553, 140 S. E. 554; *National Surety Co.* v. *Jarrett,* 95 W. Va. 420, 121 S. E. 291, 36 A. L. R. 1171; *Blake* v. *Blake,* 92 W. Va. 663, 115 S. E. 794; *Morgan* v. *Morgan,* 60 W. Va. 327, 55 S. E. 389, 9 Ann. Cas. 943. But are the terms of the will such as to bring it within the rule? Does it plainly appear from the language used that the testator intended the power of disposal to be absolute? See *Woodbridge* v. *Woodbridge,* 88 W. Va. 187, 106 S. E. 437. In *Grimmett* v. *Meadows, supra,* in which

the will provided "I give and bequeath to my wife * * * the residue of my estate, both real and personal * * * my said wife to use the said residue of my estate for personal support and maintenance so long as she shall live," this Court held that "The right of complete user of real estate by a devisee for support and maintenance creates in fact a fee simple."

In our opinion, the will vests in Bridget Helen Barry an absolute right to dispose of decedent's real estate. In Virginia, *May* v. *Joynes*, 20 Gratt. 692, and in West Virginia, *Morgan* v. *Morgan, supra*, finally established the rule that the general power of disposal of property following a life estate expresses an intent to give a fee simple estate. The cases of *Wise* v. *Hinegardner*, 97 W. Va. 587, 125 S. E. 579; *Stout* v. *Clifford*, 70 W. Va. 178, 73 S. E. 316, and *Woodbridge* v. *Woodbridge, supra*, are relied upon by counsel for John F. Barry. None of these cases take the instant case out of the rule. In the *Woodbridge* case, there is no express provision in the will as to a remainder over. The will in *Stout* v. *Clifford, supra*, contains no *express* power of disposal. Such case really stands for the proposition that the power of disposal must be clear and absolute. And in *Wise* v. *Hinegardner, supra*, which construes a will in which the power of disposal by decedent's children is given "with the express understanding that my [decedent's] children shall only have a life estate," the court held that the proceeds of sale shall be paid to the administrator to be invested by him in real estate with the life estate therein to the child so disposing of his or her share and the remainder to the children of said child. The rule of law under discussion is purely one of construction and is not based upon any public policy. It has grown up and has become firmly established in the law of this state as a result of judicial decisions extending throughout the years. (See well considered summary by W. B. Hoff, Esq., of the Wood County Bar, 36 W. Va. Law Quarterly 288). We are fully aware it is not consonant with the majority view in this country. However, it is a rule of property law too firmly established to be set aside by judicial decision at

this late date. To do so, would disturb unduly property titles. Therefore, we are constrained to hold that Bridget Helen Barry took a fee simple estate under the decedent's will. The writer, as a matter of personal view, thinks that this rule of property law is archaic; in many instances it serves to contravene the intention of the testator; and it has no place in modern American jurisprudence. Relief necessarily must lie in legislative enactment. The legislature, fully cognizant that in many cases, this rule has served to defeat the intention of the testator, has abrogated it in the Code of 1931. Code, 36-1-16. Its enactment, however, comes too late for application in the instant case. The chancellor's interpretation of the will is therefore reversed.

In anticipation of an adverse decision on the construction of the will, it is argued on behalf of John F. Barry that, if the mother actually took a fee, instead of a life estate, a court of equity will enforce the deed of trust against any interest in the real estate passing into the hands of James J. Barry as heir of his mother. In other words, that the instrument should be treated as an assignment of his expectancy in his mother's estate (See 4 Am. Jur. 266, 278, secs. 47, 62), and at least place his claim on a parity with plaintiff's judgment liens, which attached at date of death of the mother.

Assuming that the equitable doctrine, permitting such assignment or conveyance of a mere possibility which an assignor may have in after-acquired title to property is recognized in this state, can we say that the instrument in question was sufficient to convey? The deed of trust provides:

> "* * * the parties of the first part do grant and convey with covenants of general warranty, unto the said party of the second part, all of the following described property and property rights of every kind and description, owned and possessed, or to which they or either of them, is entitled to own and possess in and to all of the real and personal estate of every kind and description owned and possessed by John D. Barry, now deceased * * *, the same being more

particularly described as follows, that is to say:

"1. All of the right, title and interest of every kind and description in and to all of the real estate that was, and is, devised unto the said James J. Barry, one of the parties of the first part, in and by the terms and provisions of the last will and testament of John D. Barry, deceased, * * *."

This deed of trust, as indicated earlier in this opinion, was executed for the purpose of securing the *cestui que trust* against liability on certain obligations entered into on behalf of his brother, James J. Barry. From an examination of the quoted portion of the instrument, can we say that it purports to transfer the grantor's expectancy in his mother's estate? No reference is made to such an expectancy. The interest, which the deed of trust purports to convey, is described therein simply as the grantor's interest under the will in the real estate of which the grantor's father died seized. Reference is not made in the description to any specific parcel or parcels of land; nor does the description contain any suggestion that the interest sought to be conveyed is the same which may pass to the grantor as one of his mother's heirs, should she die intestate. At the time of the execution of the deed of trust, the grantor, as indicated by the language used, must have been of opinion that the mother took a mere life estate, with remainder over to the children. So, it would seem that the grantor attempted to convey and warranted that which he thought he took under the will. If nothing attached thereunder, he conveyed nothing.

But, says the defendant, John F. Barry, if the grantor took nothing under the will, the instrument should be considered as an assignment of grantor's expectancy in his mother's estate. A conveyance, if the language used is broad enough, may embrace everything which in any possible contingency may accrue to the grantor from the estate to which it relates, and may include an additional interest which passes to the grantor by reason of the death of another heir between the time of the assign-

ment and death of the ancestor. *McDonald* v. *McDonald,* 5 Jones Eq. (58 N. C.) 211, 75 Am. Dec. 434. To give an instrument the effect of an assignment of a future interest in an estate to which one is a prospective heir, it should be clear and unambiguous, and the intention must be manifest. *United States National Bank* v. *Miller,* 122 Ore. 285, 258 P. 205, 58 A. L. R. 339; *Clendening* v. *Wyatt,* 54 Kan. 523, 38 P. 792, 33 L. R. A. 278. Here, we are concerned with the priorities of recorded liens. The requirement, that such an assignment be clear and unambiguous, must be strictly applied. Therefore, we find that as against the judgment lien creditors, John F. Barry took nothing under the deed of trust.

The defendant, John F. Barry, now, for the first time, seeks, by cross-assignment of error, to attack the action of the chancellor in directing sale, in accordance with the commissioner in chancery's recommendation, of the one-seventh interest of the judgment debtor in the three parcels of real estate heretofore mentioned on the theory that the same was premature. He makes reference to his own testimony before the commissioner in chancery to the effect that he had advanced moneys, during the period 1921-1932, to his mother for the benefit of the estate. He says that such advancements constitute a charge against the real estate, and that a settlement of both the father's and mother's estates is a prerequisite to the sale of the judgment debtor's one-seventh interest in the real estate, whether the same came through the will or by descent. There is no averment in the answer seeking to establish a charge against such real estate. Hence, the question sought to be raised by the defendant will not be considered on this appeal.

The decree, complained of, is reversed and the cause remanded.

*Reversed and remanded.*