JOHN F. BUTLER, *Administrator, etc.*

*v.*

GENE RADER, *et al.*

(No. 13058)

Submitted January 25, 1972. Decided March 29, 1972.

*Callaghan & Callaghan, Brooks B. Callaghan, G. D. Herold,* for appellants.

*Breckinridge & Brown, John B. Breckinridge,* for appellee.

CAPLAN, JUDGE:

In this civil action, instituted in the Circuit Court of Nicholas County, the plaintiff, John F. Butler, Administrator with the Will annexed of the Estate of Lillie E. Rader, deceased, sought an interpretation of the will of H. H. Rader and of certain deeds, hereinafter described, "to ascertain in whom the ownership of said property is now vested, and to whom the proceeds of the sale of said real estate should be paid."

By his last will and testament, dated July 21, 1944, Henry H. Rader devised and bequeathed to his wife, Lillie E. Rader, all of his property real, personal and mixed and directed that such property may "be disposed of by her as she may desire, during her natural life, including the right to her to lease, sell or otherwise dispose of said real estate of which I may die seized and possessed, and to make all necessary contracts and deeds respecting said real estate as I could do were I living, provided, however, that my said wife shall not will or devise away any of the said estate, real, personal or mixed after my death." Thereafter the testator provided that should Lillie predecease him he devised and bequeathed one-half of the remaining estate to his brothers and sisters then living and to the descendants of any of his deceased brothers and sisters, per stirpes, and the

other one-half of said remaining estate to the brothers and sisters then living of his wife Lillie and to their descendants per stirpes.

Henry Rader's will contains the following language:

"This will is made and is to be considered in conjunction with *amother* mutual will this day made by my said wife, Lillie E. Rader, in which I am the principal beneficiary and the entire estate, real, personal and mixed, owned by me and the entire estate, real, personal and mixed, owned by my said wife, Lillie E. Rader is understood to be and *in* hereby declared by me to be a joint estate in which I and my said wife own jointly and in equal proportions, and the said joint estate is hereby contained and provided for in this Will."

Henry Rader died and Lillie took the property which he devised in accordance with his will. By deed dated August 16, 1954 Lillie E. Rader, widow, conveyed to Dan Rader an undivided one-half interest in three certain lots together with all improvements, said property being the same undivided one-half interest as that devised to Lillie E. Rader by Henry H. Rader by his aforesaid will.

Subsequently, on January 3, 1955, Dan Rader and Sophia Rader, his wife, conveyed this idential property back to Lillie E. Rader. The effect of these conveyances is brought into question in this proceeding. While seized of this property, Lillie E. Rader died, the date of her death being February 24, 1969. By her holographic will dated October 11, 1965, Lillie E. Rader, after making a specific bequest, devised and bequeathed the balance of her estate to her sister, Lizzie Thomas, and to her brother, John Frank Butler, the latter of whom was appointed as "my administrator". This will was filed and probated on March 3, 1969.

The complaint sets out the foregoing factual situation and says that the petitioner, the administrator, has an opportunity to sell the subject real estate. Alleging that the language of the will of H. H. Rader "casts doubt upon the title to the real estate now in the hands of your

petitioner and upon the validity of the aforesaid deeds executed by Lillie E. Rader and Dan Rader", the petitioner, by the complaint "seeks the aid of this court for the interpretation of the langauge of the aforesaid deeds and wills to ascertain in whom the legal title to said real estate is now vested, and to whom the proceeds of any sale of said real estate should be paid." The defendants in the proceeding below include Lizzie Thomas and John F. Butler but those in an adversary position are the brothers and sisters, and/or their heirs, and any unknown heirs of H. H. Rader.

Basically, the position of the heirs of H. H. Rader, who will hereafter be referred to as defendants, is that Henry and Lillie Rader made mutual and reciprocal wills; that Lillie took her husband's estate impressed with the conditions of his will, that is, that although she could dispose of the property during her lifetime, she could not will or devise it; and that it therefore remained a part of a joint estate, one-half of which would go to his family and one-half to hers. It is further contended by the defendants that Lillie's act in conveying to Dan Rader the estate she received by will and having him convey it back to her shows bad faith and an obvious attempt to circumvent the provisions of her husband's will. Furthermore, say the defendants, there was no delivery of the deed from Lillie to Dan Rader and for that reason alone the conveyance was void and of no effect.

The testimony of Dan Rader was not permitted by the trial court on the ground that it was prohibited by the provisions of Code, 1931, 57-3-1, as amended, commonly referred to as the dead man's statute. His testimony, however, was made a part of the record by avowal. The defendants content that such testimony should have been admitted.

The plaintiff contends that by reason of the provision in Lillie's husband's will, which permitted her to dispose of the property during her lifetime, she received a fee simple estate.

Although the plaintiff contends that Lillie received a fee simple estate from her husband by reason of the power of disposal in his will, he further contends that Lillie by virtue of the deeds of record to and from Dan Rader did, in effect, dispose of this property during her lifetime and that the provision that the prohibition against her devising or bequeathing the estate was no longer of any force or effect.

The trial judge, as revealed in his letter opinions dated February 10, 1970 and October 9, 1970, held that the heirs of Henry H. Rader had no interest in the real estate of which Lillie E. Rader died seized. The principal basis for this ruling, which reflects the position of the plaintiff, was that Lillie, under the above quoted provisions of her husband's will, took a fee simple estate; that the proviso therein was not of sufficient clarity to reduce the estate to a lesser one; that he made no provision for the remainder estate after the death of his wife, and, that by reason thereof, the provisions of Code, 1931, 36-1-16, did not apply; and, that by her conveyance of the property received by will to Dan Rader, she effectively disposed thereof during her natural life.

Code, 1931, 36-1-16, where pertinent, provides: "If any interest in or claim to real or personal property be given by sale or gift inter vivos or by will to one, with a limitation over either by way of remainder or of executory devise or any other limitation, and by the same conveyance or will there be conferred, expressly or by implication, a power upon the first taker in his lifetime or by will to use or dispose absolutely of such property, the limitation over shall not fail or be defeated except to the extent that the first taker shall have lawfully exercised such power of disposal." Examining the above quoted provisions of H. H. Rader's will, we are of the opinion, contrary to the trial court's holding, that Code, 1931, 36-1-16, does apply in the instant case and that by virtue thereof, Lillie received, not a fee simple, but a life estate with power of disposal. See *Weiss* v. *Soto*, 142 W.Va.

783, 98 S.E.2d 727; *Swan* v. *Pople,* 118 W.Va. 538, 190 S.E. 902; and *Brookover* v. *Grimm,* 118 W.Va. 227, 190 S.E. 697. The above statute specifically provides that an interest in real property given by will with a limitation over and a power of disposal creates an estate subject to said limitation over unless the power of disposal has been lawfully exercised. Henry gave to Lillie a life estate with power of disposal, which, until the enactment of Code, 1931, 36-1-16, constituted a fee simple estate. He included a limitation over, providing that she "shall not will or devise away any of the said estate * * * after my death." By reason of the above statute, the limitation over remains effective unless Lillie, during her lifetime, lawfully disposed of said property. If she did not effectively dispose of the property, by operation of the limitation over, Henry's one-half interest which he devised to Lillie would revert to his estate and be distributed according to law.

Of prime pertinence in arriving at the solution of the problem presented is whether or not Lillie did, in fact, exercise her power of disposal of the subject property as contemplated by the provisions of Code, 1931, 36-1-16. By the August 16, 1954 deed, alluded to above, Lillie conveyed to Dan Rader "an undivided one-half interest in those three certain lots or parcels of land * * * and being the same undivided one-half interest that was devised to the party of the first part by H. H. Rader by will dated July 21, 1952." Less than five months later, Dan Rader and his wife conveyed the identical property back to Lillie.

In determining the effect of these conveyances, a collateral issue was raised. The defendants attempted to present the testimony of Dan Rader to show, among other things, that there had been no delivery of the deed and that such instrument therefore did not effect a transfer of the property. This testimony was excluded by the trial judge as being violative of Code, 1931, 57-3-1, as amended. That statute reads, in part, as follows: "No party to any

action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, deceased". Being of the opinion that Dan Rader is a "person from, through or under whom" an interested party derives an interest, we are in agreement with the trial court that the testimony of Dan Rader relating to the transaction with Lillie should have been excluded.

Lillie E. Rader died seized of the one-half interest of the joint estate which she received under the will of her husband. That will, by limitation over, forbade her from willing or devising this estate after his death. Her conveyance to and from Dan Rader was an obvious attempt to circumvent the condition of Henry's will. In testimony which was permissible because it did not relate to a transaction or communication with a deceased person, but rather to his own action, Dan Rader acknowledged that he never did receive possession of the property. Furthermore, the property conveyed to him was only an undivided one-half interest in a certain parcel of land.

An examination of the will of Henry H. Rader which purports to show an agreement between him and his wife to divide the property between their respective families, together with other facts of record, including Lillie's holographic will leaving all of the property to her brother and sister, to the complete exclusion of Henry's family, points to the inescapable conclusions that Lillie was acting to defeat the limitation over in her husband's will.

While we agree with the trial judge that there were no reciprocal wills in this case, we are of the opinion and hold that the estate received by Lillie was impressed with a condition. When she accepted the estate willed by her husband she agreed to abide by the provisions thereof, one of which was that she would not dispose of such

property by will or devise. See *Turner* v. *Theiss,* 129 W.Va. 23, 38 S.E.2d 369. The *Turner* case is factually distinguishable in that the agreement was predicated on mutual and reciprocal wills executed by the parties and introduced as evidence. We believe, however, that it stands for the proposition that acceptance of benefits under a will upon which a condition has been imposed creates an agreement to comply with the condition. Here Lillie took the one-half interest under the will subject to an agreement that she would not will or devise it. The only way she could lawfully defeat the condition was to dispose of the property. Inasmuch as she died seized of the identical property left to her by her husband, she could not, in view of his will, dispose of it by will or devise. Her attempt to defeat the condition in said will by the conveyances to and from Dan Rader was abortive, and, in view of her acceptance of the estate subject to the condition, will not be permitted.

In view of the foregoing, we conclude that Lillie E. Rader did not effectively dispose of the one-half interest in the property left to her by her husband; that she died seized thereof; and that, further disposition thereof not having been provided for, the said one-half interest reverts to her husband's estate to be disposed of as provided by the law of descent and distribution.

The judgment of the Circuit Court of Nicholas County is reversed and the case is remanded to that court for such further proceedings, consonant with this opinion, as may be proper.

*Reversed and remanded.*